IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| **BETTY BROWN, on behalf of** | | |
| **herself and all others similarly situated** | | **PLAINTIFF** |
| | | |
| **v.** | Civil Action No.: 4:23CV114-MPM-DAS | |
| | | |
| **ATTALA STEEL INDUSTRIES, LLC; and** | | |
| **MIDDLEGROUND MANAGEMENT, LP** | | **DEFENDANTS** |

**CLASS ACTION COMPLAINT FOR VIOLATION OF FEDERAL WARN ACT 29 U.S.C. § 2101, *ET SEQ*.**

**COMES NOW**, Plaintiff, Betty Brown, and files this Class Action Complaint against Defendants Attala Steel Industries, LLC and MiddleGround Management, LP, on her own behalf and on behalf of over one hundred other employees, challenging Defendants' violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

**PARTIES**

1. Plaintiff, Betty Brown, is an adult resident of Texas. Plaintiff worked for Attala Steel Industries, LLC prior to her termination on November 27, 2022.

2. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by Attala Steel Industries, LLC and were terminated on or about November 27, 2022.

3. Defendant, Attala Steel Industries, Inc. ("Attala Steel") is a Limited Liability Company formed under the laws of the State of Mississippi. Attala Steel's headquarters or principal

1

place of business is located in the State of Mississippi. Attala Steel Industries, LLC, can be served with process by and through its agent, Hart Pettit, 2333 Attala Road, Kosciusko, Mississippi 39090

4. Defendant, MiddleGround Management, LP, ("MiddleGround") is a limited partnership formed under the laws of the State of Kentucky. MiddleGround's headquarters or principal place of business is located in the State of Kentucky. Upon information and belief, MiddleGround is a majority owner of Attala Steel. MiddleGround Management, LP., can be served with process by and through its agent C.T. Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331, 1332 and 1367.

6. This Court has personal jurisdiction over Defendant, Attala Steel, because Attala Steel is headquartered in this District and conducts substantial business operations in the State of Mississippi. Further, this Court may exercise personal jurisdiction over Attala Steel because the personnel decisions giving rise to the layoffs that are the subject of this suit were made by Attala Steel employees who work at the headquarters in Mississippi.

7. This Court has personal jurisdiction over Defendant, MiddleGround, because MiddleGround conducts substantial business operations in the State of Mississippi. Further, this Court may exercise personal jurisdiction over MiddleGround because MiddleGround employees participated in the personnel decisions giving rise to the layoffs that are the subject of this suit which were made at the headquarters in Mississippi.

**FACTUAL ALLEGATIONS**

8. Attala Steel is a manufacturing company that previously held locations in Mississippi and Texas.

9. The company's headquarters is located in Kosciusko, Mississippi.

10. Since 2008, Attala Steel has performed "the full manufacturing cycle of I Beams."

11. Attala Steel's Texas facility was located in Hillsboro, Texas – the "Hillsboro Facility."

12. In November 2022, the Hillsboro Facility employed approximately 130 full-time employees – including Plaintiff.

13. On or about November 27, 2022, Plaintiff and the other employees at the Hillsboro facility were informed that their employment was terminated effective immediately.

14. Originally, this layoff was communicated as one that would be temporary in nature.

15. Attala Steel represented that the closure was a "temporary idling" and that they believed the facility would be re-opened "within six months of the announcement."

16. Thus, at that point, Plaintiff and the other similarly situated employees had a reasonable expectation that they would be recalled to work at the Hillsboro facility.

17. Several months later in May of 2023, Plaintiff and the other employees who were employed at the Hillsboro facility received a letter inquiring as to whether they would be interested in returning to work at the facility once it was started back up.

18. However, on May 26, 2023, Plaintiff and the other similarly situated employees received a second letter from Attala Steel stating the Hillsboro facility would not be reopened and that their layoff was now permanent.

19. All employees who were on temporary layoff from November of 2022 suffered an employment loss on May 26, 2023.

20. The number of affected employees was more than fifty (50); thus, the May 26, 2023, notification amounted to a "plant closing" as defined in 29 U.S.C. § 2101.

21. This letter was nearly six months to the exact date from the original temporary layoff in November of 2022.

22. Plaintiff, and all other employees who laid off in November of 2022, were not provided with sixty days' worth of advance notice.

23. At all relevant times, Attala Steel employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked few than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

24. Thus, Attala Steel is subject to the advance notice requirements as set forth in 29 U.S.C. § 2102.

25. As such, Attala Steel's failure to provide the requisite sixty days' worth of notice amounts to a violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

26. MiddleGround is a "private equity firm that invests in B2B companies in the industrial and specialty distribution sectors in the lower middle market in North America & Europe."

27. MiddleGround claims it differentiates itself from other investment groups by being self-proclaimed "true operators" that "have experience working in and managing businesses that range from the lower middle market to Fortune 500 companies."[1]

28. At some point, MiddleGround acquired a majority stake in Attala Steel.

---

[1] ABOUT, https://middleground.com/about/ (last visited June 23, 2023).

29. MiddleGround takes an active role in the management of Attala Steel.

30. In fact, when a former employee of Attala Steel questioned the company's handling of the layoffs at the Hillsboro facility, the employee was directed to Bill McIntyre, General Counsel for MiddleGround.

31. Mr. McIntyre immediately jumped to the defensive of Attala Steel and told the former employee "*we* do not anticipate the layoffs to exceed six months and expect to bring everyone back to work."

32. As can be seen from Mr. McIntyre's correspondence, MiddleGround was actively involved in the layoff and/or plant closing that occurred at the Hillsboro facility.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> **Hillsboro Facility Class**
> All employees who were employed by Attala Steel that suffered an employment loss as a result of Attala Steel's closure of its Hillsboro facility on May 26, 2023.

34. <u>Numerosity – Fed R. Civ. P. 23(a)(1).</u> The Class contains approximately 130 individuals, the joinder of which in one action would be impracticable. The exact number or identification of the Class Members is presently unknown. The identity and number of the Class Members is ascertainable and can be determined from the Defendant's records.

35. Predominance of Common Questions - Fed R. Civ. P. 23(b)(3). The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to:

    a. Whether the Class Members were employees of the Defendant;

    b. Whether Defendant gave the requisite 60 days' advanced written notice;

    c. Whether Defendant can avail itself of any affirmative defenses;

    d.       Whether the proposed class has enough members for this class action to proceed;

    e.       Whether Defendant paid the Class Members 60 days' wages and benefits as required by the WARN Act.

36.      Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Individual questions, if any, are not prevalent in comparison to the common questions that dominate this action.

37.      <u>Typicality – Fed R. Civ. P. 23(a)(3).</u> Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct.

38.      <u>Adequacy – Fed R. Civ. P. 23(a)(4); 23(g)(1).</u> Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interest incompatible with the interests of the Class, and have retained counsel competent and experienced in such class action litigation.

39.      <u>Superiority – Fed. R. Civ. P. 23(b)(3).</u> This case is best suited as a class action because individual litigation of each Class Members' claims would be impracticable and unduly burdensome on the courts. Because of the size of each individual Class Members' claim, no Class Member could afford to seek legal redress for the wrongs identified in the Complaint. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I – VIOLATION OF THE FEDERAL WARN ACT

40.      Plaintiff, by this reference, adopts and re-asserts all allegations, averments, and statements of fact contained in the preceding paragraphs of this Complaint.

41. Plaintiff and other affected employees who have worked for Attala Steel are entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 et. seq.

42. Defendant is subject to the notice and back pay requirements of the federal WARN Act because Attala Steel is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B).

43. Plaintiff, and all other similarly situated employees, were not provided any advance notice of their job losses.

44. Defendant engaged in conducting a plant closing but has not provided affected employees with the required notice, in violation of the federal WARN Act.

45. Further, Defendant MiddleGround is also liable for the WARN Act violations because it and Attala Steel (1) are under common ownership; (2) share the same directors and/or officers; (3) are controlled by the same directors and/or officers; (4) share the same personnel policies emanating from the same directors and/or officers; and (5) depend upon each other in their operations.

46. As such, MiddleGround and Attala Steel meet the definition of "employer" as contemplated by 29 U.S.C. § 2101 *et seq*.

**JURY DEMAND**

47. Plaintiff requests a trial by jury on these claims.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests this Court enter the following relief:

a. Declare and find that the Defendants have violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*;

b. Certify this case as a class action;

c. Award compensatory damages and penalties, in an amount according to proof;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees, costs, and expenses; and

f. Award any and all additional relief the Court may deem appropriate.

Respectfully Submitted,

**BETTY BROWN**

By: /s/ William "Jack" Simpson
William "Jack" Simpson, MBN 106524
**LANGSTON & LOTT, PLLC**
100 South Main Street
Post Office Box 382
Booneville, MS 38829-0382
Telephone: (662) 728-9733
Facsimile: (662) 728-1992
Email: jsimpson@langstonlott.com