IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREEENVILLE DIVISION

**BETTY BROWN, on behalf of**
**herself and all others similarly situated**                                                        **PLAINTIFF**

**V.**                                                                       **CIVIL CAUSE NO. 4:23-CV-114-MPM-DAS**

**ATTALA STEEL INDUSTRIES, LLC AND**
**MIDDLEGROUND MANAGEMENT, LP**                                             **DEFENDANTS**

ORDER GRANTING MOTION TO LIFT STAY FOR LIMITED DISCOVERY

      The plaintiff Betty Brown filed a motion to lift the stay in this case to conduct limited discovery regarding her Worker Adjustment Retraining Notification (WARN) Act and Fair Labor Standards Act (FLSA) claims against Attala Steel Industries, LLC ("Attala Steel") and related to MiddleGround Management, LP's ("MiddleGround") pending motion to dismiss for lack of personal jurisdiction. Docket 34. Briefing on the motion is complete, and the court is prepared to rule.

      The plaintiff filed her original Complaint on June 26, 2023, and her Amended Class Action Complaint on July 25, 2023. Docket 1, 7. Both defendants responded to the plaintiff's Amended Class Action Complaint with motions to dismiss. Docket 16, 19. Attala Steel's motion is based on an alleged failure to state a claim as is MiddleGround's motion, which additionally alleges a lack of personal jurisdiction. The court entered an order staying the attorney conference, disclosure requirements, and all discovery under the automatic stay provision of Local Uniform Civil Rule 16 which provides filing "a motion asserting […] a jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." L.U.Civ.R. 16(b)(3)(B).

    I.     Attala Steel Discovery

The plaintiff seeks to proceed with discovery regarding her WARN Act and FLSA claims against Attala Steel. Attala Steel's pending motion to dismiss challenges the sufficiency of the plaintiff's FLSA claims only. On that basis, the plaintiff contends she should be permitted to move forward with discovery on her WARN Act claims. With respect to the FLSA claims, the plaintiff argues that because "the statute of limitations in an FLSA collective action case runs from the date each opt-in plaintiff files his or her opt-in notice[,]" the court should allow her to conduct discovery to identify the putative class members. Docket 34 at 3 (quoting *Fairley v. Knights' Marine & Indus. Servs., Inc.*, 2015 WL 1774367, at *1 (S.D. Miss. Apr. 10, 2015)). She states, "this discovery could be limited to identifying all hourly, nonexempt current and former employees of Attala Steel who worked more than forty (40) hours in a given week and received a production – or 'incentive-based' or 'performance based' – bonus in that week." *Id*. at 4.

In response, MiddleGround argues the plaintiff's request to proceed with discovery as to Attala Steel inevitably implicates its legal interests because the same claims are asserted against MiddleGround. MiddleGround contends the claims against both defendants are "intertwined and based on substantially the same factual allegations," and thus permitting some discovery to go forward would undermine the intent of the stay provision of Local Uniform Civil Rule 16(b)(3)(B). Docket 39 at 3 (quoting *Willis v. City of Hattiesburg*, 2015 WL 13651763, at *5 (S.D. Miss. Jan. 30, 2015). While the defendants filed a joint response opposing the plaintiff's motion for limited discovery, their argument solely focuses on the impact of discovery on MiddleGround.

In her reply brief, the plaintiff counters that she can obtain the information she seeks without propounding any discovery to MiddleGround. For example, the plaintiff explains that discovering the identity and number of Attala Steel employees who were laid off in November

2022 does not implicate MiddleGround. She contends that "all facts relevant to whether the 'unforeseeable business circumstances' defense applies to her WARN Act claims will be in the exclusive possession of Attala Steel." Docket 40 at 3. The plaintiff further argues that Attala Steel is in exclusive possession of documents relevant to her FLSA claims. She represents that the facts determinative of MiddleGround's liability under the WARN Act and FLSA "are wholly independent" of the facts required to establish Attala Steel's liability. *Id*. at 4.

In light of plaintiff's representations that she need not propound discovery on MiddleGround in order to obtain the information she is seeking, the court will allow the plaintiff to propound 20 interrogatories, 20 requests for production, and 20 requests for admission to Attala Steel regarding the WARN Act and FLSA claims against Attala Steel. The plaintiff is not permitted to notice any depositions regarding these claims until the stay in this case is lifted and the court enters a case management order.

II. MiddleGround Management Discovery

The plaintiff also seeks limited jurisdictional discovery from MiddleGround with respect to its motion to dismiss for lack of personal jurisdiction. She contends her response to the motion to dismiss makes a preliminary showing of jurisdiction entitling her to jurisdictional discovery. According to the plaintiff, her preliminary showing consists of "MiddleGround's statements evincing the operational control it exercises over its portfolio companies, [the] plaintiff's allegations that MiddleGround employees participated in a personnel decision giving rise to this litigation, and the 'advisory agreement' MiddleGround admitted is in place between it and Attala Steel." Docket 34 at 5-6. In its response, MiddleGround argues that the plaintiff's motion for discovery is untimely and that jurisdictional discovery is unnecessary because its motion to dismiss raises a facial challenge to this court's jurisdiction.

When a plaintiff requests discovery on personal jurisdiction facts, it must make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (*citing Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts... the plaintiff's right to conduct jurisdictional discovery should be sustained."). The decision to permit such discovery is within the court's discretion. *Id.* at 419. "[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum v. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (denying discovery where plaintiffs failed to "describe the discovery they contend should have been allowed, what facts they hoped to obtain from such discovery, or how it would produce information that would support specific jurisdiction").

The plaintiff's response to MiddleGround's motion to dismiss raises, at a minimum, questions of fact regarding MiddleGround's involvement in the operations of Attala Steel and thus contacts with Mississippi. The court disagrees that the plaintiff's motion for discovery is untimely and finds that the plaintiff has made the preliminary showing of jurisdiction required to conduct the requested discovery. Accordingly, the plaintiff is permitted to propound 20 interrogatories, 20 requests for production, and 20 requests for admission to each defendant and may depose their 30(b)(6) representatives. The plaintiff's deadline for the jurisdictional discovery permitted by this Order is January 22, 2024.

**SO ORDERED**, this the 23rd day of October, 2023.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**