IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BETTY BROWN, on behalf of herself**                                                    **PLAINTIFF**
**and all others similarly situated**

**v.**                                                    No. 4:23-cv-00114-MPM-DAS

**ATTALA STEEL INDUSTRIES, LLC, et al.**                             **DEFENDANTS**

## ORDER

Betty Brown filed this action against her former employer, Attala Steel Industries, LLC ("Attala Steel"), and its parent company, MiddleGround Management, LP ("MiddleGround"), asserting violations of federal labor laws. Brown, a Texas resident, worked for Attala Steel at its Hillsboro, Texas plant until it was permanently closed in May 2023. The plaintiff alleges that (1) the Hillsboro plant was closed without requisite notice in violation of the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101, and (2) Attala Steel employees did not receive the overtime wages to which they were entitled in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201. In response, Defendant MiddleGround filed a motion to dismiss for lack of personal jurisdiction [19]. In reviewing the parties' submissions, this Court identified troubling inconsistencies raised by the defense. Further evidence is therefore required to get to the truth of the matter. Our analysis is as follows.

## DISCUSSION

The plaintiff's claims against MiddleGround are based on the company's relationship with Attala Steel, her former employer. Attala Steel is a manufacturing company formed and headquartered in Mississippi. At some point, Attala Steel entered into a relationship with MiddleGround, a "portfolio management company" incorporated in Delaware with its principal

1

place of business in Kentucky. [20] at 2. The exact nature of the relationship between Attala Steel and MiddleGround is the crux of this jurisdictional issue.

The Fifth Circuit has held that a foreign parent company "is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." *Conti 11. Container Schiffarts-GMBH & Co. v. MSC Mediterranean Shipping Co.*, 91 F.4th 789, 800 (5th Cir. 2024) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). The existence of a parent-subsidiary relationship, without more, is not sufficient to warrant the assertion of jurisdiction over the foreign parent. *Id.*

The presumption of independence is rebuttable, however, as a close relationship between a parent and its subsidiary may, under certain circumstances, "justify a finding that the parent 'does business' in a jurisdiction through the local activities of its subsidiaries." *Special Indus. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 331 (5th Cir. 2014) (quoting *Hargrave*, 710 F.2d at 1159). The rationale is that the subsidiary in such cases is so controlled by its parent that the two companies are not actually distinct entities but are one and the same for jurisdictional purposes. *Hargrave*, 710 F.2d at 1159.

Whether a plaintiff "has overcome the presumption of corporate separateness such that the corporations may be fused for jurisdictional purposes" is a highly fact-based determination, which requires considering the totality of the circumstances. *Diece-Lisa Indus. v. Disney Enters.*, 943 F.3d 239, 251 (5th Cir. 2019). The Fifth Circuit considers this nonexhaustive list of factors:

> (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent exercises complete control over the subsidiary's general policies or daily activities.

*Id.* Thus, the parties' assertions regarding the relationship between the two companies are essential to the Court's personal jurisdiction analysis.

2

Here, the plaintiff repeatedly references the defendants' close relationship in her amended complaint. She alleges that the two companies "are under common ownership," sharing "the same directors and/or officers" and "the same personnel policies." [7] at 10. Additionally, the plaintiff states that MiddleGround is "intrinsically involved in the operations of Attala Steel" and that "all employment or personnel decisions required approval from management at MiddleGround." *Id.* at 11. MiddleGround, of course, alleges just the opposite.

In response, MiddleGround filed its motion to dismiss for lack of jurisdiction which, among other arguments, denies the plaintiff's claims that the two companies are intertwined. Throughout its briefing, MiddleGround minimizes its connection to Attala Steel by claiming that theirs is an "advisory relationship." [20] at 6; [20] at 3 ("The main contact MiddleGround has with Mississippi is an advisory agreement with Attala."); [20] at 8 (stating that MiddleGround "simply serves in an advisory role"). The defendant goes on to say that "MiddleGround is not a shareholder of Attala." *Id.* at 3. This statement, however, is troublingly inaccurate. Not only does a cursory internet search yield a plethora of articles detailing MiddleGround's acquisition of Attala Steel, but the defendant's own submissions contradict this. The sworn declaration of MiddleGround's Chief Compliance Officer, which was attached as an exhibit to the defendant's motion, states: "MiddleGround is a shareholder in Attala Steel Industries, LLC." [20-1] at 1. This error, alone, is disconcerting but even more so when an additional discrepancy is discovered.

MiddleGround states that it "do[es] not share officers, directors, or agents" with Attala Steel. [20] at 3; [20-1] at 3 ("MiddleGround and Attala do not share officers, directors, or agents."). Public records, however, indicate otherwise.[1] The entry for MiddleGround Management, LP on

---

[1] When ruling on a Rule 12 motion, the Court "can take judicial notice of matters of public record," including a state agency's website. *E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 435 (N.D. Tex. 2021) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005).

the Kentucky Secretary of State's website lists the following "Current Officers": Scot Duncan, Monica McClinton, Justin Steil, Christen Paras, Lauren Mulholland, and John Stewart. *Business Entity Search: MiddleGround Management, LP*, Kentucky Sec'y of State, https://web.sos.ky.gov/BusSearchNProfile/Profile.aspx/?ctr=996246 (last visited Mar. 22, 2024). The entry for Attala Steel Industries, LLC on the Mississippi Secretary of State's website lists the following "Officers & Directors": Marten Sjoquist, John Stewart, Scot Duncan, Lauren Mulholland, and Susan Heckendorn. *Business Entity Search: Attala Steel Industries, LLC*, Mississippi Secretary of State, https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx# (last visited Mar. 22, 2024). Public records, therefore, indicate that the two companies indeed have some officers, directors, and agents in common – John Stewart, Scot Duncan, and Lauren Mulholland.[2]

Though these facts at issue – that MiddleGround acquired Attala Steel and that the two companies share officers – may not ultimately be sufficient to establish personal jurisdiction over MiddleGround, they are enough to call into question the entirety of the defendant's arguments in support of its motion. These disparities erode the Court's confidence in the briefing submitted in support of MiddleGround's motion.

**ACCORDINGLY**, the MiddleGround's Motion to Dismiss for Lack of Jurisdiction [19] is **DENIED** without prejudice. The defendant is instructed to amend its briefing and refile the motion within fourteen (14) days from the entry of this order.

**SO ORDERED** this the 22nd day of March, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] According to the MiddleGround Capital website, Stewart "is the Founding and Managing Partner," Duncan "is one of the founding Partners," and Mulholland "is a Co-Founder [and] Partner." *Our Team*, MiddleGround Capital, https://middleground.com/team/ (last visited Mar. 21, 2023).