IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BETTY BROWN, on behalf of herself**                                                **PLAINTIFF**
**and all others similarly situated**

**v.**                                                    **No. 4:23-cv-00114-MPM-DAS**

**ATTALA STEEL INDUSTRIES, LLC, et al.**                              **DEFENDANTS**

## ORDER

Before the Court is Defendant Attala Steel's motion to dismiss [16] pursuant to Fed. R. Civ. P. 12(b)(6). The defendant seeks dismissal of the plaintiff's Fair Labor Standards Act ("FLSA") claims, as described in Count II of the Amended Complaint [7]. The plaintiff has responded in opposition to the motion [33], and the Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

## FACTS

Betty Brown filed this action against her former employer, Attala Steel Industries, LLC ("Attala Steel"), and its parent company, MiddleGround Management, LP ("MiddleGround"). Headquartered in Mississippi, Attala Steel is a manufacturing company that "has been performing the full manufacturing cycle of I Beams" since 2008. Brown worked at Attala Steel's Texas facility, which employed approximately 130 full-time employees until its permanent closure in May 2023. While working for Attala Steel, the plaintiff "frequently worked more than forty (40) hours per week," entitling her to receive overtime pay. Brown also received incentive bonuses based on production and performance. The plaintiff alleges that, in calculating the overtime pay owed, Attala Steel failed to include these bonuses in employees' regular rate of pay, as required by the FLSA.

1

Based on these alleged facts, Brown brought suit on behalf of all similarly situated individuals that were employed by Attala Steel within the three-year period preceding this lawsuit. In response, Attala Steel filed the instant motion arguing that the plaintiff has not pleaded sufficient facts to support her FLSA claims, which should be dismissed accordingly.

## STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must liberally construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded facts as true. *Woodard v. Andrus*, 419 F.3d 348, 351 (5th Cir. 2005). Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor" and "rarely granted." *Brown v. Phx. Life Ins. Co.*, 843 F. App'x 533, 538-39 (5th Cir. 2021). The complaint cannot be dismissed so long as it states a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the claim has facial plausibility. *Id.* Though a "formulaic recitation of the elements" will not suffice, Rule 8 "does not [require detailed factual allegations." *Id.* So long as the plaintiff's complaint "raise[s] a right to relief above the speculative level," it will survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

## ANALYSIS

Attala Steel argues that Count II must be dismissed because: (1) "Plaintiff's claims are based upon mere legal conclusions"; (2) "the collective action allegations are a threadbare recital of the elements"; and (3) "Plaintiff has insufficiently pleaded enterprise coverage under the FLSA." [17]. At its core, the defendant's argument is that Count II of the amended complaint lacks the requisite factual detail to meet the pleading requirements of Fed. R. Civ. P. 8(a). In support, the motion relies, almost exclusively, on cases from district courts in other states. These decisions

are not authoritative, and this Court does not find them persuasive. While the Fifth Circuit has not specified the amount of detail required, we find it better policy to rule consistent with the findings of other districts in this state. Though the amended complaint is not replete with details, Brown has alleged enough facts at this stage to meet the requirements of Rule 8.

### A. The plaintiff's amended complaint states a plausible claim for relief.

A complaint must give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a). For FLSA claims, "the federal courts in this state have held that a plaintiff must plead (1) that she worked overtime hours without compensation; and (2) that the employer knew or should have known that she worked overtime but failed to compensate her for it." *Cook v. Miss. Farm Bureau Casualty Ins. Co.*, No. 1:18-cv-0076, 2018 WL 5929629, at *5 (N.D. Miss. Nov. 13, 2018). Indeed, the complaint need not contain detailed factual allegations "so long as it provides the defendant with fair notice." *Davis v. Boss Wings Enters.*, No. 1:18-cv-00134, 2019 WL 2373195, at *2 (N.D. Miss. June 5, 2019). The plaintiff's amended complaint does just that.

Brown alleges that she "frequently worked more than forty (40) hours per week," that Attala Steel paid "incentive bonuses weekly that were tied to . . . weekly production," and that she was undercompensated when these bonuses were not included in her regular rate of pay. [7] at 5. Contrary to Attala Steel's argument, Brown is not required to specify the date range or approximate hours for which she claims to be undercompensated in order to state a claim. "Although more specific factual allegations would no doubt be helpful, [Brown's] allegations meet the liberal notice-pleading standard and state a plausible claim that if proven true would entitle [her] to relief. *Marbury v. Hinds Cnty.*, No. 3:14-cv-00319, 2014 WL 4546023, at *2 (S.D. Miss. Sept. 11, 2014)

3

(quoting *Haymon v. City of Jackson*, No. 3:12-cv-00325, 2012 WL 6626645, at *2 (S.D. Miss. Dec. 19, 2012)).

Additionally, the defendants argue that "[a]t no point did Plaintiff allege that she worked more than 40 hours in a week *and* that she received a nondiscretionary bonus in the same week that was not included in the regular rate." [36] at 2. A simple reading of the compliant belies this assertion. The amended complaint states:

> Attala Steel paid Plaintiff and all other employees overtime for their weekly hours worked in addition to forty (40). However, Attala Steel failed to include the employees' nondiscretionary, performance-based pay into its calculation of each employee's "regular rate of pay" – as mandated by 29 U.S.C. § 207(e). By neglecting to include this amount of nondiscretionary, performance-based pay into each employee's "regular rate of pay," Attala Steel . . . deprived Plaintiff and all other similarly situated employees of overtime they are due.

[7] at 5. Even out of context, Brown's allegations in the preceding passage are clear – the plaintiff worked overtime and was paid for it, but Attala Steel undercompensated her by miscalculating her regular rate of pay. Reading the complaint otherwise would be nonsensical.

### B. The plaintiff has properly pleaded collective action allegations and enterprise coverage.

Attala Steel contends that Brown's collective action and enterprise coverage allegations lack the requisite factual assertions to survive dismissal. This argument fails for the same reasons stated above.

To reiterate, the plaintiff need only give the defendants "fair notice of the putative class and the claims alleged." *Davis*, 2019 WL 2373195, at *2. The amended complaint alleges that the proposed class comprises similarly situated employees who worked for Attala Steel during the three-year period prior to the filling of this suit and who were subjected to the "policy of failing to properly calculate and pay the employees' overtime wages." [7] at 8. Taking as true these allegations, as required at the pleading stage, the amended complaint has met both requirements.

4

Finally, Brown has pleaded sufficient facts to support her allegation of enterprise coverage. To plead enterprise coverage, the plaintiff must allege facts giving rise to a reasonable inference that the defendant is an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206. Attala Steel argues that the plaintiff has not alleged "what goods or services she claims to handle that go into interstate commerce and/or what facts she would rely upon to make such a showing." [17] at 8. Brown has alleged that the defendant maintained plants in both Mississippi and Texas that produced "the full manufacturing cycle of I Beams."[1] These facts, though limited, are sufficient to reasonably infer that the defendant engaged in commerce as required by the statute. Considering the company operated plants in two states, it is difficult to imagine a scenario in which the company did not engage in interstate commerce. This issue is meritless.

## CONCLUSION

At this stage in the proceedings, the plaintiff has met her burden under Fed. R. Civ. 8(a). Though the plaintiff has not provided detailed factual allegations, such are not required to survive dismissal. Brown only needs to state a claim for relief that is plausible on its face, and she has done so here. **ACCORDINGLY**, Attala Steel's Motion to Dismiss [16] is **DENIED**.

**SO ORDERED** this the 28th day of March, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] Enterprise coverage under the FLSA also requires "annual gross volume sales or business done" of $500,000 or more, which the plaintiff alleged, and the defendant did not dispute. 29 U.S.C. § 203(s)(1).

5