IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BETTY BROWN, on behalf of herself
and all others similarly situated**                                                   **Plaintiff**

v.                                                    **No. 4:23-cv-00114-MPM-DAS**

**ATTALA STEEL INDUSTRIES, LLC, et al.**                                 **Defendant**

## ORDER

This matter comes before the Court on Plaintiff's motion to delay the Court's ruling on the dispositive motions and extend discovery pursuant to Federal Rule of Civil Procedure 56(d). Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56. The Court finds Plaintiff has satisfied this standard with respect to Defendants' motions for partial summary judgment concerning the WARN Act and FLSA claims and will allow time for discovery as specified herein. For clarity of the docket and in avoidance of piecemeal litigation, the dispositive motions will be dismissed, and the parties may refile their motions at the close of discovery.

Plaintiff filed her original complaint in this matter on June 26, 2023, and served her first set of Interrogatories and Requests for Production of Documents on MiddleGround Management, LP ("MiddleGround") on October 31, 2023. Plaintiff diligently followed up with MiddleGround on the status of the Requests for Production of Documents, specifically pertaining to Numbers 1, 10, and 11. MiddleGround has been afforded over a year to produce the requested documents but has failed to comply with or provide an objection to Plaintiff's requests. Plaintiff asserts that the information contained in said documents will influence the outcome of Defendants' Motion for

Partial Summary Judgment concerning the WARN Act Claims. For these reasons, the Court finds that discovery is warranted, and Plaintiff's Requests for Production of Documents pertaining to Numbers 1, 10, and 11 shall be granted and responded to by February 14, 2025.

On September 24, 2024, Plaintiff deposed Attala Steel Industries, LLC's ("Attala Steel") Rule 30(b)(6) designee Gary Kessinger. Mr. Kessinger was not employed with Attala Steel until February 5, 2024, and was unable to provide sufficient testimony regarding at least nine topics in issue. Plaintiff's counsel requested to reconvene the deposition with a representative from Attala Steel who could testify concerning these topics. Additionally, Plaintiff reminded Attala Steel of four unanswered requests for document production that accompanied the 30(b)(6) notice and provided a deadline of November 22, 2024. As of December 5, 2024, Attala Steel had not provided the requested documentation nor provided a representative who could testify regarding the necessary topics at issue. Plaintiff claims that sufficient testimony regarding the topics at issue is pertinent to the timeline of the layoffs and would affect the ruling on Defendants' Motion for Partial Summary Judgment concerning the WARN Act claims. Therefore, Plaintiff's request for a designated representative who is prepared to testify concerning the topics at issue shall be granted, and the requests for document production that accompanied the 30(b)(6) notice shall be responded to by February 14, 2025.

On October 7, 2024, Plaintiff served her Second Set of Requests for Production to Attala Steel. According to Plaintiff, the requested documentation will determine whether the employees' compensation complied with the Fair Labor Standards Act ("FLSA") and whether Defendants provided sufficient notice to their employees of the extension of the temporary layoff. As of December 5, 2024, Attala Steel had not provided a response nor an objection to several of Plaintiff's requests for production. Plaintiff's requests are relevant to Count I and II of her

Complaint, and therefore, Plaintiff's requests shall be granted and responded to by February 14, 2025.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Plaintiff's Rule 56(d) Motion [100] is **GRANTED** as Plaintiff's requests for discovery are relevant to the claims in this case. The dispositive motions [78, 85, 111] filed by both parties shall be dismissed and may be refiled at the close of discovery.

SO ORDERED this 15th day of January, 2025.

   /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI