**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BETTY BROWN, on behalf of herself
and all others similarly situated**                                               **PLAINTIFF**

**V.**                                               **CIVIL CAUSE NO. 4:23-cv-114-DAS**

**ATTALA STEEL INDUSTRIES, LLC
AND MIDDLEGROUND MANAGEMENT, LP**                         **DEFENDANTS**

**ORDER GRANTING JOINT MOTION FOR PRELIMINARY
<u>SETTLEMENT APPROVAL</u>**

THIS MATTER, came on before the Court on the *Joint Motion for Preliminary Settlement Approval* (the "Motion") filed by Plaintiff, Betty Brown, and Defendants Attala Steel Industries, LLC ("Attala Steel") and MiddleGround Management, LP ("MiddleGround"). The Court having reviewed the Motion, the Settlement Agreement, and having further considered the additional submissions in support of preliminary approval of the Settlement Agreement, the Court **HEREBY FINDS AS FOLLOWS:**

A. The Settlement Agreement provides for a settlement of the claims alleged in *Betty Brown v. Attala Steel Industries, LLC et al.* — Count I (WARN Act) on a classwide basis and Count II (FLSA) with respect to the Represented and Opt-In Individuals, (the "Lawsuit"). The Court has considered the (i) allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings previously filed in this case; (ii) information, arguments, and authorities provided by the Parties in the Motion; (iii) the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (iv) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the Adversary Proceeding continued to be litigated.

B. In light of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied to warrant preliminary certification of Count I (WARN Act) for purposes of moving forward with settlement and scheduling the fairness hearing. In light of the Settlement, the Court finds that the following requirements are sufficiently met with respect to Count I (WARN Act): (a) the number of WARN Class Members contains approximately 133 members and is so numerous that joinder of all WARN Class Members is impracticable; (b) there are questions of law and fact common to the WARN Class Members; (c) Plaintiff's claims are typical of the claims of the WARN Class Members she seeks to represent for purposes of the Settlement; (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the WARN Class and will continued to do so; (e) questions of law and fact common to the WARN Class Members predominate over any questions affecting any individual WARN Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. Count I (WARN Act) is being preliminary certified under Rule 23 for settlement purposes only and nothing in this Order shall be construed to deprive the Defendants of the right to challenge class certification under any other circumstances.

C. The Notice Form attached as an Exhibit to the Motion fairly, accurately, and reasonably informs the WARN Class Members of the Settlement Agreement. In light of the Settlement, the proposed Notice Form satisfies all the requirements of Rule 23(c)(2)(B). The Notice Form is written in simple, plain language and provides key information about the Settlement Agreement so that each WARN Class Member can choose what to do, as well as the date, time, and place of the final hearing to consider approval of the Settlement Agreement. The Notice Form also provides that WARN Class Members will be bound by the judgment and that they have the right to opt-out

or to object to the Settlement. The Notice Form further explains how to opt-out or object to the Settlement and provides the deadline for submitting same. Further, as required, the Notice Form is neutral as to the merits of the proposed Settlement.

D. Service of the Notice Form by first class mail, postage prepaid, to each WARN Class Member at each WARN Class Member's last known address as shown in the Defendant's records, as updated by Class Counsel, or if no address is known, their last known personal email, is adequate and will provide WARN Class Members with the greatest opportunity to receive notice.

E. On a preliminary basis, the Court finds the Settlement Agreement to be fair, reasonable, and adequate. The Court authorizes the dissemination of notice to the preliminarily approved WARN Settlement Class as set forth in the Settlement Agreement.

F. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness because the Settlement Agreement has key indicia of fairness, in that (i) the Parties have reached the Settlement after investigating the strengths and weaknesses of the claims, (ii) the extensive negotiations were contentious and arm's-length, (iii) there is no evidence of collusion in reaching this Settlement; and (iv) the proponents of the Settlement are experienced in similar litigation.

The Court, having found the legal and factual bases set forth in the Motion establish good cause for the relief granted herein, **NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is preliminarily GRANTED to the extent set forth in this Order.

2. Pursuant to the Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby preliminarily certifies the following Settlement Class for Count I (WARN Act), for settlement purposes only and pending a final determination on class certification under Rule 23: Plaintiff and

all other individuals who were employed by Attala that suffered an employment loss as a result of Attala's idling of its Hillsboro facility in November 2022, and subsequent permanent closure of the Hillsboro facility in May 2023.

3. Plaintiff Betty Brown is appointed as the Class Representative of the preliminarily approved Settlement Class.

4. William "Jack" Simpson of Simpson, PLLC is appointed as Class Counsel for the Settlement Class.

5. The Court approves the proposed Notice Form and approves the proposed method of service the Notice Form by first class mail, postage prepaid, to each Class Member at each Class Member's last known address as shown in the Defendant's records, as updated by Class Counsel, or if no address is known, their last known personal email.

6. ILYM Group is hereby appointed as the Settlement Administrator, whose reasonable fees and costs are to be paid from the Gross Settlement Fund in accordance with the Settlement Agreement. The Settlement Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.

7. All Class Members have the right to either opt out of or object to the Settlement Agreement pursuant to the procedures and schedule set forth in the Settlement Agreement.

8. Any Settlement Class Member who does not submit a valid and timely written Request for Exclusion shall be bound by the Settlement Agreement terms as well as all subsequent proceedings, orders and judgments in this case relating to the Settlement Agreement, including, but not limited to, the WARN Settlement Release, the Final Approval Order, and the Final Judgment.

9.  Prior to the Fairness Hearing, counsel for the Defendants shall file a declaration attesting to the service by the Defendants, no later than ten days after filing of the Settlement Agreement with the Court, of notice of this Settlement Agreement and other required information to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715.

10. The Court hereby schedules a Fairness Hearing to be held on January 8, 2026, at 9:30 a.m., which is approximately (and no less than) 100 days after the Preliminary Approval Date. At the Final Approval Hearing, the Court will consider whether the preliminary certification of the Settlement Class, the designation of Plaintiff as Class Representative, the appointment of Class Counsel, and the Settlement should receive final approval. At that time, the Court will also consider (1) the Motion for Final Approval of the Settlement, which shall be filed at least nine court days prior to the Fairness Hearing, and (2) objections, arguments against class certification, and similar matters.

**IT IS SO ORDERED,** this the 10th day of September, 2025.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**

Presented by:

By: */s/ William "Jack" Simpson*  
William "Jack" Simpson, MBN 106524  
Simpson, PLLC  
100 S Main Street  
Booneville, MS 38829  
Phone: (662)913-7811  
jack@simpson-pllc.com  

***Counsel for the Plaintiff***

By: */s/Jennifer M. Studebaker*  
Jennifer M. Studebaker (MSB# 10433)  
Courtney C. Hunt (MSB# 104075)  
FORMAN WATKINS & KRUTZ LLP  
210 East Capitol Street, Suite 2200  
Jackson, Mississippi 39201-2375  
(601) 960-8600 Telephone  
(601) 960-8613 Facsimile  
jennifer.studebaker@formanwatkins.com  
courtney.hunt@formanwatkins.com  

Kyle D. Johnson (admitted pro hac vice)  
FROST BROWN TODD LLP  
400 W Market St, Suite 3200  
Louisville, Kentucky 40202  
502-589-5400 Telephone  
502-581-1087 Facsimile  
kjohnson@fbtlaw.com  

Brice C. Smallwood (admitted pro hac vice)  
FROST BROWN TODD LLP  
Great American Tower  
301 East Fourth Street, Suite 3300  
Cincinnati, Ohio 45202  
513-651-6800 Telephone  
513-651-6981 Facsimile  
bsmallwood@fbtlaw.com  

***Counsel for Defendants***