IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| BETTY BROWN, on behalf of herself and all others similarly situated | : : : | |
| Plaintiff, | : | No. 4:23CV114-DAS |
| v. | : : | |
| ATTALA STEEL INDUSTRIES, LLC, and MIDDLEGROUND MANAGEMENT, LP, | : : : | |
| Defendants. | : | |

## **ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

THIS MATTER came on before the Court on Plaintiff's Unopposed Motion for Final Settlement Approval and Brief in Support (the "Unopposed Motion") filed by Plaintiff Betty Brown. The Court, having jurisdiction to consider the Unopposed Motion, having reviewed the Unopposed Motion, the Settlement Agreement, the supplemental submissions, the Notice of Pendency of Class Action (the "Class Notice"), Proposed Settlement, and having considered the arguments made at the Final Fairness Hearing held on January 8, 2026, and all responses and replies thereto, HEREBY FINDS AS FOLLOWS:

    A.    The Settlement Agreements provide for a class action settlement of the claims alleged in *Betty Brown, v. Attala Steel Industries, LLC, et al.*, Case No. 4:23-cv-114-DAS (the "Lawsuit"). The Court has considered the (i) allegations, information, arguments, and authorities provided by the Parties in connection with the pleadings previously filed in this case; (ii) information, arguments, and authorities provided by Plaintiff in the Unopposed Motion; (iii) the terms of the Settlement Agreement, including, but not limited to, the definition of the Class and the benefits to be provided to the Class; and (iii) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the Adversary Proceeding continued to be litigated.

B. The Court finds that, in light of the settlement reached by the parties, the following requirements for class certification under Rule 23 are met: (a) the number of Class Members contains approximately 133 members and is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members; (c) Plaintiff's claims are typical of the claims of the Class Members they seek to represent for purposes of the Settlement; (d) Plaintiff and Class Counsel have fairly and adequately represented the interests of the Class and will continue to do so; (e) questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

C. The information required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.* to be sent to the appropriate federal and state officials was sent by Defendants on September 12, 2025.

D. The Class Notice was mailed to all members of the Class by first-class mail, postage prepaid, on October 6, 2025, which provided Class Members with the greatest opportunity to receive notice. The Court finds the Class Notice satisfies all the requirements of Rule 23(c)(2)(B).

D. The deadline to opt-out or object to the Settlement was December 5, 2025. No class members have submitted objections to or requests for exclusion from the Settlement.

F. The Court finds that the Settlement satisfies the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and is fair, reasonable, and adequate to the Class Members and the Represented and Opt-In Individuals.

G. The Court finds that the Class Representatives and Class Counsel have adequately represented the Class Members and the Represented and Opt-in Individuals, as required under Rule 23(e)(2)(A) and the FLSA. The Parties have reached the Settlement after investigating the strengths and weaknesses of the claims.

H. The Court finds that the extensive negotiations over the settlement agreement were contentious and arm's-length, as required under Rule 23(e)(2)(B) and the FLSA. There is no evidence of collusion in reaching this Settlement.

I. The Court finds that the relief provided for the Class Members and the Represented and Opt-in Individuals is adequate, as required under Rule 23(e)(2)(C) and the FLSA. Specifically, the settlement avoids the significant costs, risks, and delays associated with continued litigation, trial, and potential appeals. The proposed method of distributing relief to the class, including the process for submitting and processing claims, is fair, reasonable, and effective. The terms of the proposed award of attorney's fees, including the timing of payment, are reasonable and consistent with the applicable legal standards. The Court finds that the settlement proposal treats class members equitably relative to each other, as required under Rule 23(e)(2)(D). The allocation of relief among Class Members and the Represented and Opt-In Individuals is fair and reasonable, taking into account the nature of their claims and the damages.

The Court, having found the legal and factual bases set forth in the Unopposed Motion establish good cause for the relief granted herein, **NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Settlement Agreement is APPROVED pursuant to Fed. R. Civ. P. 23 and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

2. The Court awards Class Counsel attorneys' fees of $158,333.33 and litigation costs of $11,984.17.

3. The Court approves the Service Award to Plaintiff, Betty Brown, in the amount of $5,000.00.

4. The Court approves ILYM Group's request for $4,939.00 for its work in administering the Settlement.

5. The Court finally CERTIFIES the Class for settlement purposes. The Court FINDS that, in light of the settlement reached by the parties, the requirements of Rule 23 of the

Federal Rules of Civil Procedure are satisfied in all respects, including numerosity, commonality, typicality, adequacy, predominance, and superiority.

6. The Court FINALLY APPROVES the designation of Plaintiff Betty Brown as Class Representative and FINALLY APPROVES the appointment of Simpson, PLLC as Class Counsel.

8. All members of the Class who have not submitted a valid and timely Request for Exclusion as well as all Represented and Opt-In Individuals shall be bound by the terms of the Settlement Agreements, the Final Judgment, and this Order.

**SO ORDERED**, this the 8th day of January, 2026.

/s/ David A. Sanders

**UNITED STATES MAGISTRATE JUDGE**